ACCEPTED
01-15-00206-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/1/2015 2:53:08 PM
CHRISTOPHER PRINE
CLERK

IN THE COURT OF APPEALS FOR THE FIRST
COURT OF APPEALS DISTRICT
NO. 01-15-00206-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/1/2015 2:53:08 PM

CHRISTOPHER A. PRINE
Clerk

**CODY CRYMES, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 253rd
Judicial District Court of
Chambers County
Trial Cause Number 17166

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE JUDGES OF SAID COURT:

Comes Now CODY CRYMES, Appellant in the above cause, pursuant to Texas Rule of Appellate Procedure 49.1 respectfully files this Motion for Rehearing and in support of said motion would show this honorable Court the following:

### STATEMENT OF THE CASE

This motion relates to an appeal from the denial of Appellant's Motion to Withdraw Plea that was raised by written motion before trial. On May 23, 2013 Appellant was indicted for the felony offense of Sexual Assault of a Child in cause number 17166. 1 CR 9-10. The indictment related to acts alleged to have been

1

committed on April 10, 2011. 1 CR 9-10. On February 7, 2014 Appellant agreed to plead guilty to the acts as alleged in cause number 17166[1]. 1 CR 28-9. The plea agreement required, *inter alia*, that Appellant be placed on deferred probation for a period of ten years, a fine of $1,500, costs of court, 250 hours of community service restitution, sex offender registration for life, and an agreement that he testify truthfully at any trial or hearing of the co-defendant charged in each of the cases. 1 CR 27. Without accepting the proposed plea agreement or entering any findings, the trial court reset the case until June 27, 2014. 2 RR 8.

On June 27, 2014, Appellant appeared before the trial court with new counsel. 3 RR 4-8. The trial court granted Appellant's motion to substitute new counsel and reset the case, still, without accepting the terms of the previously proposed plea bargain agreement. *See* Id. On September 5, 2014 Appellant filed a Motion to Withdraw Guilty Plea. 1 CR 39-43. On February 27, 2015 the trial court denied Appellant's Motion to Withdraw Guilty Plea. 7 RR 9. On that same date the trial court accepted the proposed plea agreement and sentenced Appellant to ten years deferred probation. 1 CR 71-2. Notice of Appeal was timely filed on March 3, 2015. 1 CR 82. Appellant's brief was timely filed on June 17, 2015. Appellee's brief was filed on August 17, 2015. On September 24, 2015 this Court

---

[1] There is a contested issue with respect to whether Mr. Crymes' plea was completed (i.e. accepted by the trial court) at the time Counsel filed the Motion to Withdraw Guilty Plea on his behalf. In fact, it is this contention that was argued via pretrial motion and ruled upon before trial.

2

issued a Memorandum Opinion dismissing Appellant's appeal "for want of jurisdiction." This Motion for Rehearing will be timely filed if it is filed on or before October 9, 2015.

## POINT RELIED ON FOR REHEARING

The Trial Court's Certification of the Defendant's Right to Appeal filed with the First Court of Appeals in this case is inaccurate and defective.

## SUMMARY OF THE ARGUMENT

The Trial Court's Certification of Defendant's Right to Appeal indicates this was "a plea-bargain case, and the defendant has NO right of appeal; [and] the defendant has waived the right of appeal." However, what is indicated in the form is inconsistent with the record. The clerk's record clearly demonstrates Appellant filed a pretrial motion that was ruled on before trial. Additionally, the reporter's record demonstrates the trial court gave Appellant its permission to appeal the pretrial issue the court ruled on prior to accepting the objected-to plea agreement. Thus, Appellant has satisfied both of the exceptions provided for in rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. The Trial Court's Certification of Defendant's Right to Appeal is inaccurate and defective. This Court has jurisdiction to hear Appellant's appeal.

## ARGUMENT AND AUTHORITY

A trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilty or other appealable order. TEX. R. APP. P. 25.2(a)(2). In a plea-bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the court's permission to appeal. Id. A court of appeals has jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by virtue of Texas Rule of Appellate Procedure 25.2(a)(2). Chavez v. State, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006); Dears v. State, 154 S.W.3d 610, 614-15 (Tex.Crim.App. 2005). To determine whether an appellant in a criminal case has the right to appeal, a reviewing court must examine the trial court's certification for defectiveness, defined as a certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate." Dears, 154 S.W.3d at 614. If the certification appears to be defective, a reviewing court must obtain a correct certification. Id. at 614-15; see also TEX. R. APP. P. 34.5(c), 37.1.

In Miranda, the appellant's appeals were dismissed for want of jurisdiction. Miranda v. State, 2013 Tex.App. LEXIS 8118, No. 03-13-00182-CR, No. 03-13-00183-CR, No. 03-13-00184-CR, No. 03-13-00185-CR, *1 (Tex. App.—Austin July 3, 2013, unpublished). He filed a "motion for rehearing, asserting that the trial court's certifications [were] incorrect." Id. He argued that Texas Rule of Appellate

4

Procedure 25.2(a)(2) did not limit his right to appeal given the nature of the plea bargain he entered into (i.e. he argued it was a plea open to the court with respect to punishment). Id. Alternatively, he argued he was at least "entitled to appeal the trial court's pretrial rulings on his motions to quash." Id. Upon reviewing the clerk's and reporter's records, the third court of appeals concluded that "[t]he records in these cases appear to be inconsistent with the trial court's certifications." Id. at *3. In order to resolve the inconsistencies the third court withdrew its opinion dismissing the appeals and reinstated them. Id. The third court then abated the appeals with instructions that the trial court prepare and send to them amended certifications indicating whether, in light of the inconsistencies in the records, the cases were resolved as part of a plea bargain, and the extent to which the appellant retained the right to appeal. Id. at 3-4.

A. Appellant is permitted to appeal the decision of the trial court with respect to his motion that was filed and ruled upon before trial.

In the case at bar Appellant agreed to plead guilty to the acts as alleged in cause number 17166. 1 CR 27-9. That agreement was made on February 7, 2014. Id. With the aid of his appointed lawyer Appellant completed a packet of plea papers. Id. Among the papers he completed on that date was the Trial Court's Certification of the Defendant's Right to Appeal. 1 Supp.R. 7[2]. The Trial Court's

[2] On July 3, 2015 the First Court of Appeals received a Supplemental Clerk's Record that contained the Trial Court's Certification of Defendant's Right to Appeal. The Supplemental Record will be cited to as provided herein.

5

Certification of the Defendant's Right to Appeal form indicated that this was "a plea-bargain case, and the defendant has NO right of appeal; [and] the defendant has waived the right of appeal." Id. The plea papers completed prior to the trial court's acceptance of its terms also included a waiver of appeal. 1 CR 29. The trial court heard the plea and the plea papers were retained in the clerk's file. *See* 2 RR 8. However, without accepting the plea and without entering any findings on the record, the trial court reset the case until June 27, 2014. 2 RR 8.Before the trial court could accept the proposed plea of guilty on June 27, 2014, Appellant decided to withdraw it. 1 CR 39-43.

On September 5, 2014 Appellant filed a Motion to Withdraw Guilty Plea. 1 CR 39-43. After filing the motion, counsel for Appellant argued to the court that Appellant's decision to withdraw his plea was, "from a procedural standpoint…a matter of right." 4 RR 4. The State's counter-argument was that "we didn't agree to let him withdraw his guilty plea." 4 RR 3. The trial court inquired as to whether the State had been able to reach a new agreement with Appellant's substituted counsel. 4 RR 5. The State responded, "Well, we did with the prior attorney." 4 RR 5. The case was reset again with urging from the trial court that "y'all go talk and see if you can't work this out." 4 RR 7.

On October 10, 2014 Appellant returned to court once again. 5 RR 1. Counsel for Appellant brought the court up to speed with respect to the progress of

the plea negotiations. 5 RR 3-4. Then, counsel for Appellant directed the court's attention to the brief filed on behalf of Appellant in support of his motion to withdraw his plea. 5 RR 3. Rather than considering the merits of Appellant's argument, the trial court again instructed the parties that he "would encourage both of y'all to sit down and see if y'all can reach an agreement." 5 RR 5. The court went on to say that it "would hope that, if possible, that y'all could reach a resolution on sentencing." Id. This exchange from the reporter's record clearly supports Appellant's argument that his Motion to Withdraw Guilty Plea was filed pretrial and that the Trial Court's Certification of Defendant's Right to Appeal is defective.

The trial court's response to the Appellant having filed such a motion was not one of bewilderment. In other words, the trial court did not respond in a manner consistent with the receipt of pretrial motions during a post-conviction proceeding. Instead, the trial court encouraged both the State and Appellant to revisit the terms of the plea bargain in hopes that the matter could be resolved without the necessity of his making a ruling on the motion. This exchange reflects an on-going negotiation; not a completed plea-bargain. A plea bargain is essentially a contract between the defendant and the state. Absalon v. State, 460 S.W.3d 158, 162 (Tex.Crim.App. 2015). The trial court's admonition that it "would hope that, if possible, that y'all could reach a resolution on sentencing"

7

implicitly recognized that no final and binding plea agreement had been reached. In other words, though the terms of a proposed plea bargain had been offered, they had not yet been accepted. *See also* <u>Shankle v. State</u>, 119 S.W.3d 808, 813 (Tex.Crim.App. 2004)(describing the components that describe the "two basic kinds of plea-bargaining in the United States:" charge-bargaining and sentence-bargaining). "Both parties must enter the agreement voluntarily and knowingly, and, although it is not binding on the court, **once a judge accepts the bargain**, both parties are bound to it." <u>Absalon</u>, 460 S.W.3d at 162 (emphasis added). In this case, Appellant's motion to withdraw his plea constituted a rejection of the State's plea bargain offer. This rejection was communicated to the State before the court accepted the terms of the bargain. Clearly, Appellant's motion was filed and ruled upon, pretrial. The trial court's denial of Appellant's motion did nothing to change its pretrial character. That Appellant's motion was filed and ruled upon pretrial brought him squarely within the exception recognized at 25.2(a)(2)(A) of the Texas Rules of Appellate Procedure. The Trial Court's Certification of Defendant's Right to Appeal does not accurately reflect what occurred before the trial court.

On December 18, 2014 a hearing was had on Appellant's motion to withdraw his plea. 6 RR 1. During the hearing counsel for Appellant argued that:

8

[Appellant's] legal contention is under Article 26.13 of the Code of Criminal Procedure at (a)2, it says: The Court shall inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea. That is before the plea can be considered complete, and so this is not an argument with respect to whether or not after an acceptance of a plea it is sufficient for a Court of Appeals to find that enough was done. Our contention is that this plea is incomplete because the Court did not indicate in—on the record whether it would accept or reject the plea.

And so the cases all say that after the plea has been accepted and – or the court has taken the case under advisement, that is when the defendant does not have an absolute right [to withdraw his plea]. But in this case, the Court never stated on the record whether it would accept or reject the plea.

6 RR 12. The trial court recognized its failure and claimed to have accepted the proposed plea "by implication." 6 RR 12-13. However, once again, the trial court reset the case without considering the merits of Appellant's legal argument. 6 RR 13-16. Indeed, once again the trial court impliedly recognized the pretrial nature of Appellant's motion to withdraw when it stated: "Here would be the condition. The—if he takes a polygraph and he passes it with the DPS polygrapher, then I'll grant his Motion for New Trial. If he fails it, I will not grant his Motion for New Trial[3] and he's going to—he's going to take this plea agreement." 6 RR 13.

On February 27, 2015 the parties returned to court for a decision on Appellant's Motion to Withdraw Guilty Plea. 7 RR 1. The trial court justified its decision to deny the motion by informing the parties that "if I wasn't going to

---

[3] Counsel for Appellant clarified that the motion was actually a motion to withdraw guilty plea; not a motion for new trial. 6 RR 13-14.

follow the plea agreement, I would have said it right then [at the February 7, 2014 hearing]. I wouldn't have wasted our time. So I agreed to it, basically." 7 RR 8-9. The trial court denied Appellant's motion to withdraw his plea. 7 RR 9. Despite the date indicated on the plea papers—completed over a year prior to the trial court's acceptance of the rejected plea agreement—the plea was finally accepted by the trial court, over objection, on February 27, 2015. Clearly, the reporter's record supports Appellant's contention that his motion to withdraw his guilty plea was filed and ruled upon pretrial.

      B. Appellant did not waive his right to appeal the trial court's decision with respect to his motion that was filed and ruled upon before trial.

Additionally, Appellant did not waive his pretrial complaint with respect to his desire to withdraw his plea at the time the trial court finally accepted its terms. Before the trial court accepted the proposed plea agreement, Counsel for Appellant sought to discuss the "plea paperwork that was completed prior to our being retained." 7 RR 12. Counsel asked the court whether it could "amend the trial court certification of [Appellant's] right to appeal…and allow [Appellant] the opportunity, if he chooses, to file an appeal based on the written motion." 7 RR 12. The trial court denied this request. Id. To preserve the record, counsel for Appellant asked that his objection to the court's denial of the Appellant's pretrial motion to withdraw his plea be noted. 7 RR 13. The court responded that

10

"[Appellant's] objection is noted." Id. Then, the trial court asked for the State to produce the plea papers. Importantly, the State responded: "There is plea papers in the Court's file, Judge. They were done at the original plea a year ago." 7 RR 14. After hearing the terms of the proposed plea agreement, the trial court asked counsel for Appellant "[i]s that your understanding of the plea agreement?" 7 RR 16. Counsel responded, "Judge, subject to our previous objections, yes, that is my understanding of the plea that was reached in this case." Id. The trial court then accepted the proposed plea agreement and sentenced Appellant to ten years deferred probation. 1 CR 71-2. Appellant's previous objection—alluded to in this exchange with the trial court—was that he was entitled to withdraw his plea as a matter of right. His acceptance of the terms of the plea bargain remained subject to his objection to the trial court's denial of his pretrial motion to withdraw his plea. Appellant has not waived his right to appeal the ruling on his pretrial motion.

C. The trial court granted Appellant permission to appeal its decision with respect to his motion that was filed and ruled upon before trial.

Ultimately, the trial court denied Appellant's pretrial motion to withdraw his plea. Still, the trial court recognized Appellant's right to appeal matters raised by written motion and ruled on before trial in its statement that "you've got your—your contention and you can appeal it up and the Court of Appeals and maybe beyond can make a determination whether [Appellant] has a right to withdraw

11

his—his plea." 7 RR 12-3. Admittedly, the trial court's comments with respect to his denial of Appellant's motion did not create a separate and independent issue upon which Appellant could base his appeal. However, the trial court's comments did confer an additional basis upon which this Court can conclude it has jurisdiction to hear Appellant's appeal. The trial court's comments effectively provided the Appellant the permission he sought to appeal the denial of his pretrial motion to withdraw his plea of guilt. The trial court's actions confer jurisdiction to this Court to hear Appellant's appeal pursuant to Texas Rule of Appellate Procedure 25.2(a)(2)(B).

## CONCLUSION

WHEREFORE PREMISES CONSIDERED Appellant prays that this Honorable Court withdraw its opinion dismissing Appellant's appeal, abate the appeal, and remand the cause to the trial court with instructions to amend the Trial Court's Certification of Defendant's Right to Appeal to properly reflect what occurred before the trial court, or to any addition relief to which this Honorable Court believes the Appellant is entitled.

Respectfully submitted,

RICK OLIVER
TBA No. 24048179
1221 Studewood Street
Houston, TX 77008
(713) 864-3700
(713) 864-3703 fax
rickoliverlaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the ___1st___ day of _October_ 2015, a copy of the foregoing instrument has been served upon the State of Texas.

_____
RICK OLIVER

14